FIRST NATIONAL BANK OF DUNCAN vs ANDERSON.

Opinion delivered October 19, 1904.

1. *Bills and Notes—Action—Directed Verdict—Evidence Insufficient to Warrant.*

In an action by the indorsee of a promissory note, payable to a bank and indorsed to plaintiff by the cashier thereof, where the bank

claimed that such indorsement was made, without consideration, solely for accomodation of the indorsee, and that same was given for money of plaintiff's loaned by the bank for her, but there is proof that the money loaned to the maker was used to discharge the maker's indebtedness to the bank, the question of consideration is one for the jury and a verdict for the bank should not be directed.

2. *Bills and Notes—Action—Instructions.*

In an action by the indorsee against the payee of a promissory note, the defense being an accomodation indorsement without consideration, where the court charged the jury that if they found defendant received no consideration for its indorsement plaintiff could not recover, it is not error to refuse a specific instruction in other terms but to the same effect.

3. *Bills and Notes—Indorsement by Cashier Binding on Bank—Instruction.*

A requested instruction that if a bank cashier loaned the money of plaintiff taking a note to the bank therefor, and then indorsed the note and transferred same to plaintiff, "then you are instructed that the cashier had no authority to bind the bank by this indorsement and the bank is not bound thereby, although you may believe it was the purpose of the cashier to bind the bank," was properly refused for such acts are within his general powers as cashier.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Action by Mrs. Lou Anderson against the First National Bank of Duncan and another. Judgment for plaintiff. Defendant appeals. Affirmed.

Action on promissory note date July 11, 1900, executed by J. A. Thomas, for the sum of $2,424.80, in favor of the First National Bank of Duncan, indorsed: "Pay to the order of Mrs. Lou Anderson    First National Bank of Duncan.    J. T.

Jeans, Cashier," and bearing indorsement of payments:  "$80.00 December 4, 1900; $60.00 February 23, 1901; $600.00 July 4, 1900; $18.70 January 2, 1902"—with a revenue stamp.  Complaint alleges that defendants have refused and still refuse to pay the note, and prays that plaintiff take judgment for said sum; plaintiff being Mrs. Lou Anderson, appellee here, and the defendants being the First National Bank of Duncan, appellant here, and another.  For answer the defendant the First National Bank of Duncan denies that it is indebted by reason of the alleged indorsement, or that the same is binding upon defendant, and denies that defendant has injured or damaged plaintiff. And for further answer defendant alleges that at the time of the execution of the note J. T. Jeans was the cashier of the First National Bank of Duncan; that plaintiff had at that time about $2,000 deposited with said bank, and had requested Jeans to loan the money for her; that Jeans loaned the money to one J. A. Thomas, and took the note mentioned in plaintiff's complaint, payable to the First National Bank of Duncan, but in truth the note was given for the benefit of the plaintiff to secure money loaned by plaintiff, and was, in fact, plaintiff's note, and that to secure same a mortgage wes taken on the property of said Thomas in the name and for the benefit of plaintiff; that, in order to vest the legal and equitable title in said note in plaintiff, said Jeans, as cashier of said bank, indorsed and delivered said note to plaintiff, and said bank never owned, claimed, or controlled said note, never had any interest therein, nor derived any benefit therefrom.  Said indorsement was made solely for the convenience and accommodation of plaintiff, and said bank received no consideration therefor, nor any benefit therefrom, and defendant says that said indorsement was wholly without consideration, and is not binding upon this defendant.  And for further answer defendant says that said Jeans, in loaning said money and taking said note, was not acting for or on behalf of aid bank, and in indorsing and delivering same he was not acting

for or on behalf of said bank, and that such transactions were beyond the scope of his authority as cashier of said bank, and not binding thereon, nor intended by him or the plaintiff to be binding on, said bank, plaintiff knowing at the time that such Jeans was acting solely in her interest, at her request, and as her agent; and prays to be discharged, with costs.    Said case was tried to a jury on October 14, 1902.    Verdict for plaintiff for $1,666.10, with interest, and judgment was pronounced upon said verdict, and thereafter the defendant filed its motion for a new trial in the case, which said motion was by the court overruled, the defendant excepting.    Appeal was taken to this court, and the case is now here upon such appeal.

*Potter & Potter*, for appellant.

*Gilbert & Gilbert*, for appellee.

GILL, J.    On the trial of this cause counsel for defendant at the outset admitted the execution of the indorsement of the note sued on by the defendant, and assumed the burden of proof, and introduced evidence, and plaintiff introduced evidence showing the note and indorsement shereinbefore mentioned.    In effect, the evidence of the defendant, being largely the testimony of J. T. Jeans, cashier of the bank, tended to establish that he acted in the taking of the note and mortgage above mentioned as agent and friend of Mrs. Anderson, the plaintiff; that the note drew usurious interest, and that he took the same in the name of the bank, and indorsed the bank's name thereon, for the purpose of delivering the note to her free from the taint of usury, and to avoid the defense of usury, and that the bank had no interest whatever in the note; and that he took a chattel mortgage securing the note on cattle, etc., from Thomas, in the name of the plaintiff.    On cross-examination the effect of the witness' testimony tended to establish the fact that the First National Bank,

appellant, owned and held notes of said Thomas in a large amount, possibly $1,400 or more. The evidence further showed that when Jeans, as cashier of the bank, loaned Mrs. Anderson's money to Thomas and took Thomas' note therefor in the name of the bank, it used a large part of the money for the purpose of taking up the indebtedness due the bank from Thomas, and thereafter said Jeans, as cashier, indorsed the name of the bank, without qualification, to Mrs. Anderson, the appellee. Under this state of evidence the court charged the jury as follows:

"This is an action brought by the plaintiff against the defendant upon an indorsement made on a certain promisory note. It is admitted that this indorsement by the defendant constitutes a prima facie liability of the defendant to the plaintiff for the amount of the note, or the balance due thereon.

"The defendant defends upon the ground that it received no consideration for the indorsement of this paper, and the burden is upon the defendant to establish that fact to your satisfaction by a fair preponderance of the evidence. You are the sole judges of the weight of the testimony and the credibility of the witnesses who have testified. The question of fact is, one exclusively for your consideration.

"If you are satisfied from the evidence in this case that the defendant received no consideration for its indorsement on this paper, your verdict should be a verdict for the defendant. If you are not so satisfied, your verdict should be a verdict for the plaintiff for so much as may be due upon this note.

"The court would further instruct you that if the cashier of the defendant loaned the money of the plaintiff at her request, and took the note payable to the defendant, and indorsed the note to the plaintiff simply in order to place the title of the note

in the plaintiff, the court would instruct you that this action of the defendant's cashier was outside the scope of his authority as cashier of the defendant, and could not bind the defendant by this indorsement."

To the first paragraph of said instructions the defendant, at the time and before the same was read to the jury, objected, because the same was not justified by the evidence, and was misleading, and was not a fair statement of the law, as it placed a greater burden upon the defendant then the law requires; that the jury did not have to be entirely satisfied by the evidence that the defendant received any consideration, and because said charge gave undue prominence to and unduly emphasized the burden and duty resting upon the defendant to show by preponderance of testimony that defendant received no consideration for said note, which was calculated to mislead the jury to the detriment of the defendant, which objection of defendant was overruled by the court and the defendant then and there excepted.

Defendant excepted properly to the charge of the court. The defendant (appellant) requested the court to instruct the jury to find peremptorily for the defendant, which the court refused to do, and, under the above state of evidence, we think, properly so.

Defendant, for a second request, asked the court to charge the jury as follows:  "(2) If J. T. Jeans, while acting as the cashier for the defendant bank, lent the money of the plaintiff, Mrs. Lou Anderson, to one Thomas; and if, for the purpose of the convenience or benefit of Mrs. Anderson, a note for the money so lent was taken in the name of the defendant bank; and if the bank indorsed said note and delivered the same to Mrs. Anderson, and such indorsement was made alone for the purpose of trans-

ferring the note to Mrs. Anderson—then you are instructed that such indorsement was without legal consideration, and the bank would not be liable thereon, and you will find for the defendant. Refused." Comparing this second request with the third paragraph of the court's instructions, the effect is exactly the same, and the court properly refused to give the second.

The third request asked by the defendant is as follows: "(3) If J. T. Jeans, while acting as the cashier of the defendant bank, lent the money of Mrs. Anderson to one Thomas, and afterwards indorsed the note given for such money, and transferred the same to Mrs. Anderson, then you are instructed that the said J. T. Jeans had no authority, as cashier of the bank, to lend the money of Mrs. Anderson, and no authority to bind the bank by the indorsement of said note, and this without regard to any negligence or mismanagement on the part of the said Jeans; and you will therefore find for the defendant, though you may believe that it was the purpose of said Jeans to bind the bank by such indorsement. Refused." It is insisted by counsel for appellant—but he fails to cite any authorities whatever to sustain the contention—that the court should have instructed the jury in this case: "That, though it was the intention of Jeans to bind the bank by the indorsement, the same would not be binding on the bank." We do not think that the contention of counsel as to this point is good. The duties of a cashier, and his authority to bind the bank, are of the largest possible scope. "The cashier is the general executive officer of the bank. He is the general agent of the bank in dealing with its customers, and the general rule resulting from his situation is that his contractual acts bind the bank, unless they are contrary to law, or to what stands for the bank's charter, or to public policy. He is not the agent of the board of directors, but of the bank itself. His general powers are not affected by statutes or charters which require the agreements or contracts of the bank to be executed

in a certain way.   In spite of such statutes he may sign and issue checks of his bank upon another bank.   He has power to borrow money for the bank when the act is done in the usual course of business, but not otherwise; and he has power to certify checks upon the bank.   He has power to transfer the bank's paper by indorsing it, and he has power to receive paper for collection, and to do all acts proper in making the collection." Zane on Banks and Banking, § 100.

Under the evidence in this case the court was bound to submit the matter of whether there was consideration to the bank to the jury, and the court plainly told the jury, if there was no consideration running to the bank, and the cashier simply used the indorsement of the bank to transfer the paper to appellee, that the jury should find for the defendant.   The testimony of Jeans himself went to show that the bank obtained money by reason of this loan to take up a large indebtedness owing it by the person to whom the loan was made, and the jury found from the evidence in the case that the bank had consideration for its indorsement upon the note.

We are therefore of opinion, and so decide, that there was no error in the court's instructions, that there was evidence to support the finding of the jury, and that the judgment of the lower court ought to be, and is hereby, affirmed.

RAYMOND, C. J., and CLAYTON, J., concur.